OPINION
This is an appeal from the Lake County Court of Common Pleas, Juvenile Division. Appellant, Leslie Michaels, appeals the trial court's judgment entry granting permanent custody of her son, Steven L. Michaels ("Steven"), to appellee, the Lake County Department of Job and Family Services.
On July 14, 1999, a complaint alleging Steven to be dependent was filed with the Lake County Juvenile Court. Appellant, Steven's natural mother, was named as a party, but the complaint stated that information on Steven's natural father was unavailable. No attempt at service was made on Steven's natural father. Then, an amended complaint was filed on August 24, 1999, but again no attempt at service was made on Steven's natural father.[1]
An adjudicatory hearing was held on October 7, 1999, and continued to October 12, 1999, but Steven's natural father was not in attendance. In a magistrate's decision dated October 25, 1999, Steven was found to be a dependent child. A dispositional hearing commenced on January 13, 2000, and concluded on February 1, 2000. In a decision dated February 14, 2000, the magistrate determined that Steven ought to remain in the temporary custody of appellee.[2] On February 28, 2000, appellant filed objections to the magistrate's decisions of October 25, 1999, and February 14, 2000. In an entry dated June 22, 2000, the magistrate's decision was adopted by the trial court.
On July 18, 2000, appellee filed a motion for permanent custody of Steven. Again, no service was attempted upon Steven's natural father. On October 17, 2000, appellee filed an amended motion for permanent custody. As to this motion, service by publication was attempted on Steven's natural father.
On October 30, 2000, appellant filed a motion to dismiss asserting that the trial court lacked subject matter jurisdiction. Specifically, appellant argued that the complaint failed to name Steven's natural father, James Grispiano ("Grispiano"), as a party to the matter, and that there was no effort at service upon Steven's natural father at the initial filing of the complaint or with respect to the motion for permanent custody. On November 6, 2000, the state filed a brief in opposition to appellant's motion to dismiss. The state explained that in 1995, appellant, Steven, and Grispiano underwent genetic testing, which determined that Grispiano was not Steven's natural father.
In an entry dated November 8, 2000, the trial court determined that it would proceed to take evidence on the permanent custody motion and set the matter for an adjudicatory hearing. The trial court also ordered newspaper publication to perfect service upon Steven's natural father and to inform him of the hearing dates. An adjudicatory hearing was scheduled for December 13, 2000, and a permanent custody hearing was scheduled for December 14, 2000. In both situations, the trial court entered a finding that the "[u]nknown [f]ather did not appear although duly notified by publication." In a judgment entry dated February 7, 2001, the trial court granted permanent custody of Steven to appellee and explained that service on the father "was ultimately perfected and no person appeared at either the scheduled hearing for adjudication or trial for permanent custody * * * [and] had such father appeared, the adjudicatory hearing and the Motion for Permanent Custody would [have begun] anew." Therefore, the trial court found that service by publication on Steven's natural father was perfected before the case was concluded. It is from that entry that appellant filed the instant appeal and asserts the following as error:
 "The Juvenile Court erred in granting permanent custody of the child to [appellee] where the motion for permanent custody was predicated upon a void judgment."
 Appellant's sole contention is that the judgment of the trial court should be vacated since it was predicated upon a void judgment of dependency. Appellant argues that the jurisdiction of a juvenile court does not attach until service has been perfected upon both of a child's parents, and the failure to perfect such service renders any judgment void.
In permanent custody cases that involve a lack of notice to a putative father, many courts have consistently held that another party does not have standing to assert that issue on appeal. Inre Ciara B. (July 2, 1998), Lucas App. No. L-97-1264, unreported, at 2, 1998 WL 355869; In re Rackley (Apr. 8, 1998), Summit App. No. 18614, unreported, at 2, 1998 WL 162845; In re Young (Feb. 5, 1996), Stark App. No. 95-CA-0180, unreported, at 2, 1996 WL 74011;In re Shackelford (May 22, 1990), Montgomery App. No. 11783, unreported, at 5, 1990 WL 68954. Yet, some courts will permit an appealing party to assert an error on behalf of a non-appealing party if the appealing party can show prejudice resulting from the error against the non-appealing party. In re Hitchcock (1996),120 Ohio App.3d 88, 99-100.
In the case at hand, appellant has not demonstrated that she was prejudiced by any error that may have occurred in the efforts expended to effectuate service upon Steven's natural father. Thus, even if appellant were accorded standing to raise an alleged error committed against a non-appealing party, i.e. Steven's natural father, she has failed to establish resulting prejudice.
Furthermore, even though there was no service attempted upon Steven's natural father as to matters regarding the award of temporary custody, and the initial judgment was void for failure of service, any defect that occurred was cured in the proceeding for permanent custody since Steven's natural father was given full notice and had an opportunity to be heard. The trial court determined that service by publication on Steven's natural father was perfected before the case was concluded. Hence, the rationale of In re Frinzl (1949), 152 Ohio St. 164, cited by appellant in her brief, was satisfied. Permanent custody proceedings encompass all rights and requests for relief before the court in the prior delinquency determination that impact a party's right to custody of his or her child. Brown v. Miami Cty. Children's Serv. Bd. (Apr. 5, 1991), Miami App. No. 90-CA-31, unreported, at 2, 1991 WL 47530.
It is our view that although service may not have been attempted on Steven's natural father when temporary custody was awarded, service was processed and perfected upon him for the permanent custody proceeding, and he failed to appear at the hearing. Hence, the trial court did not err in granting permanent custody to appellee.
For the foregoing reasons, appellant's lone assignment of error lacks merit. The judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.
 _______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., NADER, J., concur.
[1] The only difference between the original complaint and the amended complaint was that the amended complaint stated that the "child was returned to his mother's custody on June 4, 1999 after being in the temporary custody of the Lake County Department of Human Services for approximately two years due to [his] mother's substance abuse." Both complaints noted that Steven was in the custody of his mother and stepfather and that information on his natural father was unavailable.
[2] The record reveals that there was no attempt to place Steven's natural father on notice of any of these hearings, nor did any such person attend.